**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 6:09-CR-00014** |
| | § | |
| **DANIEL FAULKNER** | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On August 16, 2010, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant, Daniel Faulkner. The government was represented by Mary Ann Crosby, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk.

Defendant originally pleaded guilty to Uttering Counterfeit Obligations of the United States, a Class C Felony. The offense carried a statutory maximum imprisonment term of 20 years. The United States Sentencing Guideline range, based on a total offense level of 7 and a criminal history category of V, was 12 to 18 months. On January 6, 2010, District Court Judge Leonard Davis sentenced Defendant to time served followed by a term of 3 years of supervised release, subject to the standard conditions of release, plus special conditions to include participation in a program of testing and treatment for drug abuse. Defendant was further ordered to pay restitution of $420. On January 12, 2010, Daniel Faulkner completed his period of imprisonment and began service of the term of supervised release.

Under the terms of supervised release, Defendant was required to report to the probation officer and submit a truthful and complete written report within the first 5 days of each month. Defendant also was prohibited from possessing a controlled substance, and if, as part of drug

testing, a defendant tests positive for illegal controlled substances more than three times over the course of one year, the Court shall revoke the terms of supervised release to serve a term of imprisonment. 18 U.S.C. §§ 3583(g)(1), 3583(g)(4).

In its petition, the government alleges that Defendant violated his condition of supervised release by submitting urine specimens which were positive for methamphetamine on February 3rd, 10th, 16th, 19th and March 4, 2010, a Grade B violation.[1] The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense. The government further alleged that Defendant violated his condition of supervised release by failing to submit a truthful and complete written report within the first 5 days of March, April, May and June 2010, a Grade C violation.

If the Court finds by a preponderance of the evidence that Defendant committed these violations, a statutory sentence of no more than 3 years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). Pursuant to § 7B1.3(a)(1) of the Sentencing Guidelines, violating a condition of supervision by possessing methamphetamine would result in the Court revoking Defendant's term of supervised release in favor of a term of imprisonment. U.S.S.G. § 7B3.1(a)(1). Considering Defendant's criminal history category of V, the Guideline imprisonment range is 18 to 24 months. U.S.S.G. § 7B1.4(a). A similar violation of the condition of supervised release for failing to submit truthful and complete written reports within the first 5 days of March, April, May and June 2010 may result in the Court revoking Defendant's terms of supervised release in favor of a term of imprisonment lasting 7 to 13 months. U.S.S.G. § 7B1.1(b) indicates that where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more

---

[1] Such an offense would also be in violation of Texas Health and Safety Code § 481.115.

than one offense, the grade of the violation is determined by the violation having the most serious grade. In this case that is the Grade B violation for possession of methamphetamine.

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in the government's petition. However, the parties disagreed on the appropriate sentence with the government arguing that 18 months is an appropriate sentence while the defendant argued for 13 months.

Pursuant to the Sentencing Reform Act of 1984 and the agreement of the parties, the Court **RECOMMENDS** that Defendant, Daniel Faulkner, be committed to the custody of the Bureau of Prisons for a term of imprisonment of 18 months with no supervised release to follow. The Court further **RECOMMENDS** that the place of confinement by FCI Seagoville, Texas. Finally, the Court **RECOMMENDS** that Defendant, Daniel Faulkner, be ordered to pay the outstanding restitution balance of $320 to Wal Mart, 5050 Troup Highway, Tyler, Texas 75707. The restitution is due immediately, payable by cashier's check or money order, to the United States District Court and forwarded to the United States Clerk's Office, P.O. Box 570, Tyler, Texas 75710.

The parties have waived their right to object to the finding of the Magistrate Judge in this matter so this Report and Recommendation will be presented to District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 20th day of August, 2010.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE